**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| PAYRANGE, INC. | ) | Underlying Case 1:20-cv-24342-RNS |
| | ) | Southern District of Florida |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KIOSOFT TECHNOLOGIES, LLC and | ) | |
| TECHTREX, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | | |
| KIOSOFT TECHNOLOGIES, LLC and | ) | Case No. 3:23-mc-80201 |
| TECHTREX, INC., | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MORGAN LEWIS & BOCKIUS LLP and | ) | |
| DOUG CRISMAN, | ) | |
| | ) | |
| Respondents. | | |

**DEFENDANT KIOSOFT TECHNOLOGIES, LLC AND TECHTREX, INC.'S MOTION TO COMPEL THIRD PARTIES DOUG CRISMAN AND MORGAN LEWIS & BOCKIUS LLP TO RESPOND TO SUBPOENA**

## I.    INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(i), Defendants KioSoft Technologies, LLC and TechTrex, Inc. ("KioSoft"), by their attorneys at Ice Miller LLP, hereby submit this Motion to the Court for an order compelling third parties Morgan Lewis & Bockius LLP and one of its partners, Doug Crisman ("Crisman") (collectively, "Morgan Lewis") to respond to the subpoenas issued by KioSoft in the above-captioned civil action (the "Litigation").

II.     **PROCEDURAL POSTURE**

This Motion arises out of KioSoft's urgent need for relevant and responsive documents and information from Morgan Lewis related to Morgan Lewis's role in prosecuting the patents at issue in the Litigation and the family members of those patents at issue in the Litigation.   In the Litigation, PayRange, Inc. ("Plaintiff") sued KioSoft alleging that KioSoft's products infringe upon Plaintiff's asserted claims in U.S. Patent Nos. 10,719,833 (the "'833 Patent"), 10,891,608 (the "'608 Patent"), and 10,891,614 (the "'614 Patent") (collectively, the "Alleged Patents"). KioSoft brought counterclaims asserting that the Alleged Patents are invalid and unenforceable.

To support its counterclaims, KioSoft timely requested relevant documents and depositions through third-party subpoenas to Crisman in his individual capacity and Morgan Lewis & Bockius LLP. Counsel for KioSoft has worked diligently with counsel for Morgan Lewis to attempt to come to an agreement regarding the information that Morgan Lewis will produce in response to the subpoenas.  Although the parties are close to reaching the agreement, to date, Morgan Lewis has neither produced any documents responsive to the subpoenas nor appeared for deposition, forcing KioSoft to file this motion to compel.

III.     **FACTUAL BACKGROUND**

Plaintiff is a vending machine payment company that has developed a payment application to assist customers in purchasing goods from vending machines using their mobile devices. Plaintiff has attempted in recent years to leverage that vending-machine payment solution in the multi-family housing laundry market to allow end-user customers to use pay washers and dryers using their mobile devices.  In contrast, KioSoft has been a technology leader in the laundry-payment market for more than two decades.  KioSoft provides hardware and software for payment systems to customers in the multi-family housing laundry market across the United States and elsewhere.  KioSoft's systems include a single-source approach that combines kiosk and hardware

2

manufacturing with software development to provide flexible options for payments at a laundry machine including through a mobile application.

Relevant to the Alleged Patents, Plaintiff's '614 Patent claims a mobile device and method that identifies and communicates with a specific, individual "vending machine" for the purpose of executing a "vending transaction."  The '833 Patent claims a system for facilitating a cashless transaction for purchasing one or more products or services through a mobile device using both short-range and long-range communication technology.  The '608 Patent relates generally to a mobile-device-to-machine payment system for handling electronic payments made to conventional offline coin-operated vending machines.

In the Litigation, KioSoft seeks a declaration of invalidity of the Alleged Patents because the Alleged Patents claim unpatentable subject matter in violation of 35 U.S.C. § 101, are anticipated under 35 U.S.C. § 102, are obvious under 35 U.S.C. § 103, and fail to comply with the written description, enablement, and definiteness requirements of 35 U.S.C. § 112.  Relevant to this Motion, KioSoft seeks a declaration that the Alleged Patents are unenforceable due to Plaintiff's inequitable conduct during the prosecution of the Alleged Patents.  Morgan Lewis has custody of responsive, non-public information that Plaintiff has not produced and of which Plaintiff does not have custody.  This information is potentially vital to KioSoft's counterclaims insofar as the information may render the Alleged Patents unenforceable.

## IV.   MEET AND CONFER EFFORTS

KioSoft issued subpoenas to Crisman in his individual capacity and Morgan and Lewis & Bockius LLP for documents and depositions dated June 15, 2023, seeking, among other things, documents and information related to Morgan Lewis's role in prosecuting the Alleged Patents (the "Subpoenas").  *See* Declaration of Simone Park in Support of Defendants KioSoft Technologies, LLC and TechTrex, Inc.'s Motion to Compel Third Parties Crisman and Morgan Lewis To

3

Respond to Subpoena ("Park Decl.") ¶¶ 5, 6; Ex. 1 to Park Decl. (Copy of Subpoena to Morgan Lewis, "Morgan Lewis Subpoena"); Ex. 2 to Park Decl. (Copy of Subpoena to D. Crisman, "Crisman Subpoena").  The subpoenas were made returnable on June 30, 2023.

Service was effected on Morgan Lewis on June 16, 2023, *see* Ex. 3 to Park Decl. (Proof of Service), and on June 27, 2023, counsel for Morgan Lewis reached out to KioSoft's counsel to make arrangements to accept service on behalf of Crisman.  Ex. 4 to Park Decl. (June 27, 2023 Andrisani Email to Park).  On July 14, 2023, Morgan Lewis accepted service of both subpoenas to Crisman and Morgan Lewis.  Ex. 5 to Park Decl. (July 14, 2023 Andrisani Email to Park).

Counsel for KioSoft and counsel for Morgan Lewis have met and conferred at least four times regarding the subpoenas.  The parties initially discussed via telephone on June 30, 2023, service of at least the Crisman subpoena.  Park Decl. ¶ 9.  The parties met via video conference on July 13 and July 17, 2023, to discuss a potential compromise of Morgan Lewis's objections to the Subpoenas.  *Id.* ¶¶ 10, 12.  In the July 17, 2023, meet and confer, counsel for KioSoft explained that it is not seeking privileged information or information that is publicly available.  *Id.* ¶ 12.

On July 20, 2023, counsel for Morgan Lewis provided a preliminary response to the Subpoenas in which Crisman in his individual capacity and Morgan Lewis & Bockius LLP objected to the Subpoenas on the following grounds: (1) attorney-client privilege and work product privilege; (2) failure to allow a reasonable time to comply; (3) undue burden; (4) overbreadth; and (5) seeking of documents more readily available from other sources.  On July 24, 2023, both Crisman and Morgan Lewis & Bockius LLP served their responses and objections to the Subpoenas in which both parties repeated the same objections to the subpoenas based on attorney-client and work product privilege, undue burden, overbreadth, and allegedly seeking documents

more readily available from other sources.  Ex. 7 to Park Decl. (Responses and Objections to Morgan Lewis Subpoena; Ex. 8 to Park Decl. (Responses and Objections to Crisman Subpoena).

After KioSoft reviewed the responses and objections, the parties met and conferred over the phone on July 31, 2023, regarding Morgan Lewis's objections to the Subpoenas.  *Id.* ¶ 17. Morgan Lewis was unwilling to produce any documents or produce Crisman for deposition either in his personal capacity or as a corporate representative for Morgan Lewis.  *Id.*  That same day, in an effort to compromise, counsel for KioSoft emailed counsel for Morgan Lewis agreeing to narrow the categories of requested documents to the following:

1.  Prior art searches conducted on or behalf of Morgan Lewis or Plaintiff in connection with the subject matter of the Alleged Patents from June 9, 2014, through the present, excluding any privileged communications so long as Morgan Lewis provides a log of privileged communications.

2.  Non-privileged communications between Morgan Lewis & Bockius LLP or Crisman and Plaintiff from June 9, 2014, through the present regarding the subject matter of the Alleged Patents and their family members, which could include communications with any third parties contained in the attorney files and in files in connection with the Alleged Patents and their family members.

3.  Non-privileged communications that contain the terms "KioSoft," "TechTrex," "CleanReader," or "CleanPay Mobile," from January 1, 2012, through the present. KioSoft offered to meet and confer concerning the number of documents those searches returned.

4.  Non-privileged documents and communications that contain the terms "PayRange," "Patel," "Doan," or "Paresh Patel" from January 1, 2012, through June 9, 2014.

5.  Privilege logs associated with the above searches.

Ex. 9 to Park Decl. (July 31, 2023 Park Email to Andrisani).  To the extent Morgan Lewis believed the requests remained overly broad, KioSoft further requested that Morgan Lewis provide suggested modifications.  *Id.*

On August 2, 2023, counsel for Morgan Lewis refused to produce documents related to prior art searches and non-privileged communications between Morgan Lewis & Bockius LLP or Crisman and Plaintiff.  Ex. 10 of Park Decl. (August 2, 2023 Andrisani Email to Park).  First,

counsel for Morgan Lewis claimed that Morgan Lewis has not conducted any prior art searches as patent prosecution counsel for Plaintiff for the past nine years, and, therefore, there is no reason for Morgan Lewis to search for reports or communications for prior art searches. *Id.* at 2. Second, Morgan Lewis objected to the request for non-privileged communications between Plaintiff and Morgan Lewis & Bockius LLP or Doug Crisman since June 9, 2014, as unduly burdensome. *Id.* For the last three proposed compromises above, counsel for Morgan Lewis agreed to review the approximately 868 documents that resulted from the search terms and date ranges provided in 3 and 4 above. *Id.* Counsel agreed to produce "unique" non-privileged documents and a privilege log as a result of that review. *Id.* Counsel further asserted that Morgan Lewis will not produce any documents until Plaintiff is able to review the documents. *Id.* As for deposition testimony, counsel for Morgan Lewis agreed to produce Crisman in his individual capacity and as a corporate representative of Morgan Lewis & Bockius LLP on August 29 or September 19, 2023. *Id.* Counsel agreed to produce Crisman in both capacities on a single day. *Id.*

On August 4, 2023, KioSoft reached out to confirm whether Morgan Lewis or Crisman would be providing non-privileged communications and to ascertain whether Morgan Lewis was refusing to produce a witness on any of the topics. Ex. 12 to Park Decl. (August 4, 2023 Park Email to Andrisani). On the same day, Morgan Lewis wrote with respect to the non-privileged communications that "we believe we can reach a compromise position based on the idea of using the existence of third parties on communications to narrow the focus to communications that are more likely to be non-privileged." Ex. 13 to Park Decl. (August 4, 2023 Andrisani Email to Park).

In that response, Morgan Lewis insisted that KioSoft provide names of third parties to be searched through Morgan Lewis's documents. *Id.* As to the depositions, Morgan Lewis stated that "with adequate time to prepare, Mr. Crisman will be available to testify in his individual

capacity and as a 30(b)(6) witness about non-privileged information relating to our work prosecuting the relevant patents. Mr. Crisman will not provide deposition testimony about information protected by the attorney-client privilege and/or the attorney work product doctrine – including Request No. 4." *Id.* With respect to non-privileged communications not including third parties, Morgan Lewis maintained its objection "to have to review and log all of our direct communications with PayRange – without the inclusion of any third-parties – about the legal advice relating to the patents for which we were engaged," claiming undue burden. *Id.* On August 7, 2023, KioSoft provided the list of third party names to be searched to Morgan Lewis. Ex. 14 to Park Decl. (August 7, 2023 Park Email to Andrisani). Also on the same day, KioSoft stated its disagreement with Morgan Lewis's continued objection for "Morgan Lewis to have to review and log all of our direct communications with PayRange – without the inclusion of any third-parties – about the legal advice relating to the patents for which we were engaged." *Id.* KioSoft addresses each of Morgan Lewis's objections below.

## V.     ARGUMENT

### A.     The Court Has Authority Pursuant To Federal Rule Of Civil Procedure 45 To Compel Compliance With KioSoft's Subpoenas.

Federal Rule of Civil Procedure 45 allows parties in a lawsuit to issue subpoenas to obtain discovery from third parties. *Erickson v. Builder Advisor Grp. LLC*, No. 22-MC-80094-TSH, 2022 WL 1265823, at *2 (N.D. Cal. Apr. 28, 2022) (Rule 45 "permits a party to serve a subpoena on a non-party requiring production of documents."). Discovery sought under a Rule 45 subpoena is subject to the same standards as discovery sought under Rule 26. *Id.* ("The scope of discovery through a Rule 45 subpoena is the same as the scope of discovery permitted under Rule 26(b)…. Thus, on a motion to compel discovery, the moving party must first demonstrate that the information requested is within the scope of permissible discovery."); *see* Fed. R. Civ. P. 45 Adv.

Comm. Note to 1970 Amendment (the "scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules."). "In the Ninth Circuit, broad discovery is favored because 'wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for truth.'" *Vondersaar v. Starbucks Corp.*, No. C 13-80061 SI, 2013 WL 1915746, at *4 (N.D. Cal. May 8, 2013) (quoting *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995)).

The principles underlying Rule 26 discovery are liberal, and they require that the party resisting discovery have the burden of demonstrating why discovery should be denied. *See Dairy v. Harry Shelton Livestock, LLC*, No. 18-CV-06357-RMI, 2021 WL 4476778, at *1 (N.D. Cal. Sept. 30, 2021) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). Consequently, Rule 45 permits KioSoft to subpoena documents related to "any nonprivileged matter that is relevant to any party's claim or defense and proportionate to the needs of the case." Fed. R. Civ. P. 26(b). Additionally, "information within the scope of discovery need not be admissible in evidence to be discoverable." *Id.*

A party serving a subpoena for the production of documents "may move the district court where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i), and the "court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate notice to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

**B.**     **KioSoft Has Sought Relevant, Non-Privileged Documents From Morgan Lewis And Attempted To Compromise With Morgan Lewis, Yet Morgan Lewis Has Not Yet  Complied With The Subpoena.**

   **1.**     **KioSoft Is Entitled to Relevant, Responsive, Non-Privileged Communications and Documents.**

Morgan Lewis has objected to virtually all of KioSoft's requests for documents and information on the basis of the attorney-client privilege and the work product immunity. KioSoft has assured Morgan Lewis that KioSoft does not seek privileged communications and documents. KioSoft provided to Morgan Lewis the privilege logs that Plaintiff produced in the Litigation to minimize any burden on Morgan Lewis to comply with this request. Ex. 11 to Park Decl. (August 1, 2023 Park Email to Andrisani without attachments). KioSoft also suggested that non-privileged communications could be found by searching for relevant emails in which a third-party is included in the communications with Morgan Lewis related to PayRange and provided Morgan Lewis with a list of third parties to be searched.

KioSoft maintains that Morgan Lewis must log its direct communications with Plaintiff, as Morgan Lewis has not demonstrated that such request would present an undue burden to Morgan Lewis, or that KioSoft is not entitled to such information, particularly in view of the ongoing Litigation including the inequitable conduct defense and Morgan Lewis's unique position as prosecution counsel for the Alleged Patents and their family members for the past nine (9) years. Specific categories of information sought by KioSoft are, as a matter of law, not privileged. For example, prior art search reports are not privileged. *See, e.g., Evolve Biosystems, Inc. v. Abbott Lab'ys, Inc.*, No. 19 CV 5859, 2020 WL 7398784, at *4 (N.D. Ill. Dec. 17, 2020) (discussing that a patent search report itself is not privileged). Accordingly, KioSoft requests that this Court compel Morgan Lewis to produce responsive and non-privileged information requested by KioSoft in its significantly narrowed requests.

### 2.    Morgan Lewis Has Unique Information To Provide To KioSoft.

Crisman, an attorney with Morgan Lewis & Bockius LLP, was the prosecuting attorney on each of the Alleged Patents in the related district court litigation as well as on the other members of each of those patent families. As a result of his role, Morgan Lewis is likely to have relevant

information that is uniquely within the knowledge of Crisman and Morgan Lewis & Bockius LLP as Crisman's firm.  This information is separate and apart from documents or information that KioSoft could obtain from Plaintiff.  For example, Morgan Lewis likely has unique knowledge related to the inequitable conduct defenses that are currently being asserted against Plaintiff by KioSoft in the Litigation.  *See, e.g., Alcon Labs. Inc. v. Pharmacia Corp.*, 225 F.Supp.2d 340, 344 (S.D.N.Y. Aug. 2, 2002) (denying protective order to preclude deposition of patent prosecution counsel finding in part that the "prosecution attorney's mental impressions are crucial to any claim of inequitable conduct in a patent infringement action").  Depending on the reporting style used by Morgan Lewis to Plaintiff, significant amounts of data or prior art information may have been distilled in a voice mail message or an email from Morgan Lewis to Plaintiff, and only Morgan Lewis would have the underlying data in its files.  Additionally, although KioSoft is not requesting that Morgan Lewis produce the public prosecution history files of the Alleged Patents, Morgan Lewis made no effort to determine what portion of the documents in Morgan Lewis's files are public documents.  For these reasons, the Subpoena is not duplicative of the ongoing discovery between KioSoft and Plaintiff in the Litigation.

> **3.** **The Information Sought From Morgan Lewis Is Proportional To The Needs Of The Litigation and KioSoft Took Care To Significantly Reduce Burden To Morgan Lewis.**

Despite KioSoft's efforts to compromise, Morgan Lewis has continuously objected to the Subpoenas as overbroad and unduly burdensome.  Morgan Lewis asserts that review of the documents would cost more than $100,000, but this estimate was based on volume and not an effort to search for documents or any specific terms related to KioSoft's requests.  Ex. 6 to Park Decl. (July 24, 2023 Andrisani Email to Park).  Following conversations with counsel for Morgan Lewis, counsel for KioSoft narrowed the scope of the information sought to prior art search reports, non-privileged communications between Morgan Lewis and Plaintiff, key-word searches with

search terms provided by KioSoft, and a privilege log.  Morgan Lewis, however, refuses to search for prior art search reports and non-privileged communications and refuses to provide a privilege log for communications not including third parties.

The information sought by KioSoft is critical to KioSoft's inequitable conduct defenses and counterclaims in the Litigation, which Litigation Plaintiff brought against KioSoft.  The potential volume of the information to be searched is a product of work by Morgan Lewis and Plaintiff.  In actuality, the documents sought by KioSoft, as counsel for KioSoft attempted to explain to counsel for Morgan Lewis, are likely few in number and undeniably are simple to find by conducting searches for identifying information of the Alleged Patents during the relevant time period.

## VI.    <u>CONCLUSION</u>

KioSoft has issued valid Rule 45 subpoenas to Crisman in his individual capacity and to Morgan Lewis & Bockius LLP.  Morgan Lewis has accepted service of the subpoenas.  To date, Crisman and Morgan Lewis & Bockius LLP have failed to respond meaningfully to these subpoenas.  For the reasons identified above, KioSoft respectfully requests that this Court enter an order compelling Crisman and Morgan Lewis & Bockius LLP to:

1. Produce the following categories of documents by August 31, 2023:

    a. Non-privileged communications between Morgan Lewis or Douglas Crisman and one or more third parties from June 9, 2014 through the present regarding or relating to the asserted patents and their family members, after running targeted searches for non-privileged communications on which third parties are included, and to log any communications between Morgan Lewis and PayRange on which a third party is included that are withheld based on privilege and/or work product assertions.

11

    b.   Non-privileged communications that hit on the terms "KioSoft," "TechTrex," "CleanReader," and "CleanPay Mobile," from January 1, 2012 through the present, and the associated privilege log identifying privileged communications that hit on the terms "KioSoft," "TechTrex," "CleanReader," and "CleanPay Mobile," from January 1, 2012 through the present.

    c.   Non-privileged documents and communications that hit on the terms "PayRange," "Patel," "Doan," or "Paresh Patel" from January 1, 2012 through June 9, 2014, and the associated privilege log identifying privileged documents and communications that hit on the terms "PayRange," "Patel," "Doan," or "Paresh Patel" from January 1, 2012 through June 9, 2014.

**2.**  Produce by August 31, 2023, a privilege log of Morgan Lewis's direct communications with PayRange – without the inclusion of any third parties – about the legal advice relating to the Asserted Patents and their family members for which Morgan Lewis was engaged.

**3.**  Produce for deposition a 30(b)(6) witness on each of the topics in the Morgan Lewis Subpoena (except for Topic No. 4), and to produce Crisman to testify in his individual capacity about non-privileged information on each of the topics, except for Request No. 4, on a date in September mutually agreeable to the parties.

                           Respectfully submitted,

Dated: August 7, 2023           /s/ BRENT D. MEYER
                            Brent D. Meyer
                            California Bar Number 266152
                            Meyer Law Group, LLP

268 Bush Street #3639
San Francisco, California 94104
Phone: 415-765-1588
brent@meyerllp.com

Holiday W. Banta, *pro hac vice to be filed*
Ice Miller LLP
One American Square, Suite 2900
Indianapolis, IN 46282
Phone:  317-236-5882
H.Banta@icemiller.com

T. Earl LeVere, *pro hac vice to be filed*
Ice Miller LLP
250 West Street, Suite 700
Columbus, OH 43215
Phone:  614-462-1095
Earl.LeVere@icemiller.com

Thomas Rammer, *pro hac vice to be filed*
Ice Miller LLP
200 W. Madison Street, Suite 3500
Chicago, IL 60606
Phone:  312-705-6016
Tom.Rammer@icemiller.com

Simone Park, *pro hac vice to be filed*
Ice Miller LLP
2900 Broadway, Suite 2900
New York, NY 10036
Phone: 212-835-6302
Simone.Park@icemiller.com


*Attorneys for Defendants KioSoft*
*Technologies, LLC and TechTrex, Inc.*